## SHORT v THE PENNSYLVANIA RD CO

Ohio Appeals, 1st Dist, Butler Co

No 573.   Decided May 8, 1933

L. J. Ziliox, Hamilton, for plaintiff in error.

Matthews & Matthews, Hamilton, for defendant in error.

**OPINION**

By HAMILTON, PJ.

Since negligence of the driver of the automobile cannot be imputed to the plaintiff, the case is here on the evidence presented by plaintiff and the result depends on whether or not the plaintiff's evidence raises a presumption of contributory negligence on part of the plaintiff, which presumption plaintiff failed to counterbalance; and whether the evidence tends to show in any degree any negligence on the part of defendant contributing to the injury.

The record discloses that the driver of the automobile was driving a number of persons home from a dance of which this plaintiff was one. He was driving along the much travelled highway. That it was a foggy night and while he was driving at a moderate rate of speed he was blinded by a light, which together with the fog made it impossible for him to see the cars across the track in time to stop the automobile before striking the car; the collision occurred and the injury resulted.

There is no evidence in the record that the lights of the automobile were insufficient, nor is there a scintilla of evidence that the plaintiff failed in any way to exercise due care for his own safety under the circumstances.

Defendant admits in the answer, that it violated the state law which exacts a penalty for blocking a crossing for more than five minutes. This calls for the application of the well established rule that the violation of a State law is negligence per se, and if a proximate cause of injury, liability follows:

On the question of the defense of insufficient lights, it is enough to say that this was a question of fact for the jury and not of law. **Tresise v Ashdown, 118 Oh St 307.**

The trial court in directing the verdict seems to have followed the decision in the case of Cleveland, C. C. & St. Louis Railroad Company v Gillespie. This is an Indiana case and is reported in 173 NE 708. In the Gillespie case there were several similar facts to those present in the case under consideration. The holding in the Gillespie case is contrary to the decision in the case of Tresise v Ashdown, supra. Moreover the statute of Indiana is not the same as the statute of Ohio. Neither is it shown that the rule of negligence per se, is applied by the courts in the state of Indiana. Moreover, it will be noted in the opinion and decision in the Gillespie case, that the court did not enter judgment on the facts but reversed the case and remanded it for a new trial. The court, in the Gillespie case, considered the case to be for the jury and reversed the case on the

weight of the evidence. Moreover, in the Indiana case one of the judges wrote a strong dissenting opinion. This case is no authority in the case under consideration.

Counsel for defendant in error argues in the brief that the violation of a statute to constitute negligence requires a showing that an obligation imposed was for the benefit of the person injured, and argues that plaintiff was not of that class. Counsel, however, admit in the brief that the statute was enacted for the purpose of keeping highways open for public travel. This admission is sufficient under the facts of this case to refute the claim of non-liability to plaintiff as he was certainly using the public highway at the time, as he had a right to do.

Our conclusion is that the court erred in instructing a verdict and the judgment will be reversed and the cause remanded for a new trial.

ROSS and CUSHING, JJ, concur.